UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ANTHONY BURT                                                                                        Docket No.:

                                    Plaintiff,                        **COMPLAINT**

   -against-


THE CITY OF NEW YORK and
JOHN DOE OFFICER 1-10

                                  Defendants.
-----------------------------------------------------------------------X

Plaintiff **ANTHONY BURT**, by his attorneys Turturro Law, P.C. complaining of the defendants, respectfully allege upon information and belief, as follows:

PARTIES

1. At all times herein mentioned, Plaintiff **ANTHONY BURT** was, and still is, a resident of the County of Bronx, in the City of New York and State of New York.

2. At all times herein mentioned, Defendant **THE CITY OF NEW YORK** was, and still is, a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

3. Upon information and belief, at all times mentioned, Defendants **JOHN DOE OFFICER 1-10** were, and are, police officers, detectives and/or sergeants of the Defendant **THE CITY OF NEW YORK**, and at all times herein were acting in such capacity as the agents, servants and employees of the Defendant **THE CITY OF NEW YORK**.

1

FACTS

4. On or April 20, 2021, at approximately 10:00 pm, Plaintiff was lawfully within the building located at 1270 Webster Avenue, Bronx, NY ("Building") where he resides when he proceeded to ride down the elevator into the lobby of the Building. Upon exiting the elevator and while still in the building, Plaintiff was approached by three uniformed police officers (John Doe Officer 1-3) of the New York City Police Department.

5. They had told Plaintiff that they were in the building due to a noise complaint, however, for reasons unknown with their batons drawn, they proceeded to menace and intimidate Plaintiff.. At this point, Mr. Burt - fearing for his life explained to the officers that he did not want any trouble and desired to know why they were harassing him in such a menacing manner.

6. Thereafter, without any lawful basis, John Doe Officers 1-3 proceeded to batter and beat Plaintiff causing severe bruising and facial lacerations. The beating was very severe, intense and resulted in multiple bruises to Mr. Burt's head and a blackening of his eye.

7. To compound matters (and to perhaps cover up this brutal beating of Plaintiff), upon information and belief, one of these three officers radioed to dispatch the words "officer down", which caused the NYPD central dispatch to disburse what Plaintiff believed to be several hundred police officers to the Building.

8. When the hundreds of officers arrived at the Building John Doe Officers 4-10 further roughed up Plaintiff with one taking his keys to the apartment unit within the Building where Plaintiff was residing.

9. Thereafter, without consent or the possession of a warrant, John Doe Officers 4-10 unlawfully searched and trashed Plaintiff's residence finding marijuana.

10. Next, despite being in a state of unconsciousness due to the brutal beating he had suffered, Plaintiff, in handcuffs, was hauled by EMT personnel to a local hospital where he stayed for a bit and was prescribed pain medicine and was then arraigned and released on his own recognizance.

11. Nevertheless, in a further effort to cover up the brazen assault, battery and blatant

violation of Plaintiff's civil rights, upon information and belief, John Doe Officers 1-10 returned to the Building on April 23, 2020 and arrested Plaintiff for Assault Three With Intent To Cause Injury, Menacing In The Second Degree, Criminal Possession of A Weapon In The Fourth Degree, Resisting Arrest, Criminal Obstruction of Breath, Menacing in the Third Degree, and Harassment in the Second Degree for which he was booked, processed and spent two days in jail before being arraigned and, once again, released on his own recognizance.

12. Thereafter, Mr. Burt's public defender eventually had all charges dismissed pursuant to CPL 170.30(1)(f) and sealed pursuant to CPL 160.50).

13. It should be further noted that by letter dated April 15, 2021, Mr. Burt's complaint to the NYPD Internal Affairs Bureau regarding the foregoing was Partially Substantiated citing that "there was sufficient evidence to clearly prove that [an NYPD employee(s)] committed part of the alleged act(s) of misconduct."

## AS AND FOR A FIRST CAUSE OF ACTION

14. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in paragraphs "1" through "14" with full force and effect as though set forth at length herein.

15. As averred above, from on or about April 20, 2020-April 21, 2020 and from May 23, 2020 –May 25, 2020, Plaintiff was confined in prison, which all stemmed from Defendants' warrantless arrests in the Building.

16. That the Defendants jointly and severally in their capacity as police officers, detectives and sergeants, without any warrant or any other legal process and without any legal right, wrongfully and unlawfully arrested Plaintiff, restrained him and interfered with his liberty and took him into custody in the Bronx County and thereafter charged him with various crimes in an effort to cover up their brazen assault, battery and violation of Plaintiff's civil rights.

17. The Defendants intentionally confined the Plaintiff without his consent and the confinement was not otherwise privileged by law and at all times Plaintiff was aware of his confinement.

## AS AND FOR A SECOND CAUSE OF ACTION

18. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in paragraphs "1" through "18" with full force and effect as though set forth at length herein.

19. That, as alleged above, the defendants jointly and severally in their capacity as police officers, placed Plaintiff in imminent fear of a harmful or offensive physical contact by approaching the Plaintiff with their loaded firearms, outstretched limbs and/or other objects which they used to physically seize, strike and/or restrain the plaintiff.

20. All of the above actions placed the Plaintiff in imminent fear of physical contact and at no time did the Plaintiff consent to the unlawful actions of the Defendants, nor was it privileged by law.

## AS AND FOR A THIRD CAUSE OF ACTION

21. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in paragraphs "1" through "20" with full force and effect as though set forth at length herein.

22. That, as alleged above, Plaintiff was arrested and, from that time until the end of the criminal prosecution and confinement on or about May 25, 2020, Defendants and/or their agents deliberately and maliciously prosecuted Plaintiff, an innocent man, without any probable cause whatsoever, by filing or causing a criminal complaint to be filed in the Criminal Court of the City of New York, Bronx County, for the purpose of falsely accusing the plaintiff of violations of the criminal laws of the State of New York.

23. The Defendants failed to take reasonable steps to stop the prosecution of the Plaintiff and, instead, maliciously and deliberately provided false and/or incomplete information to the District Attorney's office to induce prosecution of the Plaintiff.

24. The commencement of these criminal proceedings was malicious, began in malice and without probable cause, so that the proceedings could succeed by the Defendants.

25. Said Prosecution was ultimately terminated in Plaintiff's favor when they were dismissed pursuant CPL 170.30(1)(f).

26. As a result of the malicious prosecution, Plaintiff was deprived of his liberty and

suffered humiliation, mental anguish, indignity and frustration of an unjust criminal prosecution. The Plaintiff made multiple court appearances to defend his liberty as a result of the unjust prosecution and, he spent two years incarcerated based on the meritless frivolous claims charged against him.

### AS AND FOR A FIFTH CAUSE OF ACTION

27. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in paragraphs "1" through "26" with full force and effect as though set forth at length herein.

28. Defendant-Officers were at all times relevant, duly appointed and acting officers of the New York City Police Department.

29. At all times mentioned herein, said police officers were acting under color of law, to wit: the statutes, ordinances, regulations, policies, customs and usage of the State of New York and/or City of New York.

30. Plaintiff brings this cause of action pursuant to 42 United States Code, Section 1983 and 42 United States Code, Section 1988.

31. That as alleged above, Defendant-Officers, jointly and severally in their capacity as police officers, wrongfully touched, grabbed, assaulted, battered and handcuffed and seized the Plaintiff in an excessive manner about his person, causing him physical pain and mental suffering. At no time did the Defendants have legal cause to grab, handcuff, seize or touch the Plaintiff. The Plaintiff did not consent to this illegal touching nor was this touching privileged by law.

32. That as alleged above, Defendant-Officers in the vicinity of Plaintiff's home, jointly and severally did place Plaintiff in imminent fear of physical contact by approaching the Plaintiff with their batons and/or loaded firearms, outstretched limbs and/or other objects which they used to physically seize, strike and/or restrain the Plaintiff.  All of the above actions placed the Plaintiff in imminent fear of physical contact and, at no time did the Plaintiff consent to the unlawful actions of the Defendants.

33. That, as alleged above, Defendant-Officers in the vicinity of Plaintiff's home, jointly and severally, without any warrant, order or other legal process and without any legal right, wrongfully and unlawfully arrested the Plaintiff, restrained him and interfered with his liberty and

then took him into custody, thereafter charged him with the crimes set forth in the aforementioned Indictment. The Defendants intentionally confined the Plaintiff without his consent and, the confinement was not otherwise privileged by law and, at all times, the Plaintiff was conscious of his confinement.

34. That, as alleged above, Plaintiff was arrested and, from that time until the end of the criminal prosecution and confinement on May 25, 2020, Defendants, while effectuating the seizure of the Plaintiff did search, seize, assault and grab the person of the Plaintiff and his chattel without a court authorized arrest or search warrant. They did physically seize the person of the Plaintiff during the arrest process in an unlawful and excessive manner. The Plaintiff was falsely arrested and maliciously prosecuted without the Defendants possessing probable cause to do so and without a reasonable suspicion of probable cause. At arraignment, the presiding judge released Mr. Grimes on his own recognizance and, Claimant maintained his innocence throughout the criminal prosecution.

35. The above actions of the Defendants resulted in the Plaintiff being deprived of the following rights under the United States Constitution:

    a.    Freedom from assault to his person;

    b.    Freedom from illegal search and seizure;

    c.    Freedom from false arrest; and,

    e.    Freedom from malicious prosecution

36. The Defendants subjected Plaintiff to such deprivations, either in a malicious or reckless disregard of the Plaintiff's rights, or with deliberate indifference to those rights afforded individuals by the Fourth and Fourteenth Amendments to the United States Constitution.

37. The direct and proximate results of the Defendants' acts are that the plaintiff was forced to endure pain and suffering, all to his detriment. He has suffered severe and permanent injuries of a psychological nature.

**AS AND FOR A SIXTH CAUSE OF ACTION**

38. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in paragraphs "1" through "37" with full force and effect as though set forth at length herein.

39. Defendant **THE CITY OF NEW YORK** has grossly failed to train and adequately supervise its police officers in the fundamental law of arrest, search and seizure, especially when its police officers are not in possession of a court authorized arrest warrant and where an individual, especially as here, has not committed a crime and has not resisted arrest, that its police officers should only make an arrest based on probable cause.

40. Defendant **THE CITY OF NEW YORK** was negligent by failing to implement a policy with its Police Department and instruct police officers who, absent the consent of the Plaintiff (or similarly situated individuals) or without the possession of a court authorized arrest or search warrant, are not to arrest individuals such as the Plaintiff here where probable cause is lacking.

41. **THE CITY OF NEW YORK** is negligent due to its failure to implement such a policy with its Police Department or actively enforce the law that, probable cause must be present before an individual such as Plaintiff herein can be arrested.

42. The foregoing acts, omissions and systemic failures are customs and policies of **THE CITY OF NEW YORK,** which caused those police officers to falsely arrest, maliciously prosecute, illegally seize and search the Plaintiff, commit an assault/battery to his person under the belief that they would suffer no disciplinary actions for their failure to take proper or prudent steps in this case.

### AS AND FOR A SEVENTH CAUSE OF ACTION

43. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in paragraphs "1" through 42" as if set forth at length herein.

44. Defendant **THE CITY OF NEW YORK** was negligent in that, prior to and at the time of the acts complained of herein, due to the prior history of the Police Officer Defendants, knew or should have known of the bad disposition and/or reputation of said Defendants, or had knowledge of facts that would put a reasonably prudent employer on inquiry concerning their bad disposition and/or reputation of the fact these officers were not suitable to be hired and employed by **THE CITY**

**OF NEW YORK** and, that due to their lack of training, these officers should have had adequate supervision so that they would not arrest innocent individuals.

## AS AND FOR A EIGTH CAUSE OF ACTION

45. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in paragraphs "1" through "44" as if set forth at length herein.

46.  Defendants **THE CITY OF NEW YORK** was negligent in that, their police officers (1) failed to act as reasonably prudent police officers under the circumstances and (2) failed to act consistent with the rules and regulations previously promulgated and in effect on the dates of the incidents described herein for the conduct of police officers.

## AS AND FOR A NINTH CAUSE OF ACTION

47. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in paragraphs "1" through "46" as if set forth at length herein.

48. Upon information and belief, Defendants had actual knowledge of the wrongs committed against Plaintiff yet each conspired with the other to violate the civil rights of Plaintiff in contravention of 42 United States Code, Section 1985.

## AS AND FOR A TENTH CAUSE OF ACTION

49. Plaintiff repeats, reiterates and re-alleges all of the allegations contained in paragraphs "1" through "48" as if set forth at length herein.

50. Upon information and belief, Defendants had the power to prevent or aid in preventing the commission of the aforementioned wrongful acts but neglected or refused to do so derogation of 42 United States Code, Section 1986.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, together with the costs and disbursements of this action in an amount that exceeds the jurisdictional limit of all lower courts, together with punitive damages, attorney's fees and costs for bringing this case.

Dated: August 23, 2021
   Brooklyn, NY

**TURTURRO LAW, P.C.**

By: /s/ Natraj S. Bhushan, Esq. .
Natraj S. Bhushan, Esquire
1602 McDonald Avenue
Brooklyn , NY 10016
Tel.: 718-384-2323
Email: Natraj@turturrolawpe.com
*Attorneys for Plaintiff*

To: Corporation Counsel/NYC LAW DEPARTMENT
100 Church Street,
New York, N.Y 10007
Attorneys for the City of New York